ALD-290                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2987
_____

ANDREW C. BICKEL,
                                        Appellant,

v.

JUDGE GORDON R. MILLER; WARDEN TIM LEWIS;
COMMISSIONER MORRIS WADE; COMMISSIONER
JACK PRESTON; COMMISSIONER SHERMAN ALLEN;
VANTAGE CCCF HEALTHCARE PROVIDER; DOCTOR
RICHARD MORAN; JUDY UREY, Nurse Practitioner
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 08-cv-00258)
Magistrate Judge: Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE,  Circuit Judges

(Opinion filed: September 30, 3011)
_____

OPINION
_____

PER CURIAM

      Appellant Andrew Bickel, a state prisoner, brought a civil rights action, 42 U.S.C.

§ 1983, in the United States District Court for the Western District of Pennsylvania

against numerous correctional officials and health care providers at the Crawford County

Correctional Facility ("CCCF") where Bickel previously was incarcerated. Bickel alleged that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment at various times from May 21, 2008 through October 13, 2008. He alleged that he was not evaluated by medical staff at CCCF for two days after his transfer from Erie County Prison, and not given pain medication for his chronic back pain for over seven days after the transfer. In addition, he alleged that he reinjured his back about a month after being transferred to CCCF, and medical staff failed to timely examine him. He complained that he must sit in a hard plastic chair and keep his leg straight in order to avoid feeling extreme pain. Bickel alleged that he also had numerous neurological symptoms, and should have been referred to a psychiatrist. In addition to these allegations, Bickel alleged that medications are dispensed at CCCF by untrained prison guards, and care is provided by nurses, all in violation of the United States Constitution. Bickel also raised constitutional claims concerning the adequacy of CCCF's grievance procedures, and he challenged certain conditions of confinement.

After the parties consented to jurisdiction by a United States Magistrate, the Magistrate Judge dismissed defendant Vantage LTC Partnership pursuant to a duly filed motion, Fed. R. Civ. Pro. 12(b)(6), and permitted Bickel's Eighth Amendment claims to proceed against the CCCF defendants. Defendants Dr. Richard Moran and Nurse Judy Urey were dismissed due to Bickel's failure to have them served with the complaint, see Fed. R. Civ. Pro. 4(m). Discovery ensued. At the close of discovery, defendants Gordon Miller, Tim Lewis, Morris Wade, Jack Preston and Sherman Allen filed a motion for summary judgment, Fed. R. Civ. Pro. 56(a), in which they argued, among other things, that Bickel was not denied medical care or treatment; on the contrary, he had been

2

provided substantial medical care by licensed physicians and registered nurses while incarcerated at CCCF. The CCCF defendants also argued that Bickel had failed to exhaust his administrative remedies completely, see 42 U.S.C. § 1997e(a). Bickel filed a response in opposition to the summary judgment motion, and submitted numerous items in support.

In an order entered on July 7, 2011, the Magistrate Judge granted summary judgment to the remaining defendants. The Magistrate Judge determined that Bickel had not properly completed the administrative review process in accordance with CCCF's procedural rules, Woodford v. Ngo, 548 U.S. 81, 90-91 (2006), with respect to the majority of his claims. She determined that the defendants established through their summary judgment motion and exhibits that Bickel had properly appealed only one of his claims – that CCCF permits untrained correctional guards to dispense medications. With respect to the merits of that Eighth Amendment claim, the Magistrate Judge determined that there was no triable issue because Bickel did not allege that he suffered any injury as a result of the prison guards' actions. He did not allege that prison guards withheld his medication, or distributed incorrect medication that harmed him or worsened his pain.

Bickel appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the

3

appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review of the Magistrate Judge's grant of summary judgment is plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We conclude that there is no arguable basis in fact or law for disagreeing with the Magistrate Judge's summary judgment determination in Bickel's case. Neitzke, 490 U.S. at 325; Celotex Corp., 477 U.S. at 322-23.

A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). We agree with the Magistrate Judge that CCCF's multi-tier grievance process is constitutionally adequate. We also note that, in his favor, Bickel filed numerous grievances with respect to various matters, including the dispensing of medication, a delay in receiving medication, interference with his medical care, contraband, and safety/sanitation and food service. But, as the Magistrate Judge concluded, Bickel for the most part failed to properly appeal the denial of his grievances. Proper exhaustion means using all steps provided by the prison so that prison officials address the issues on the merits. See Woodford, 548 U.S. at 90. Summary judgment was appropriate here because Bickel failed to come forward with any evidence to rebut the defendants' showing that he failed to complete all steps of the

4

grievance process with respect to the majority of his claims. See Fed. R. Civ. Pro. 56(e)(3); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). (Prison Litigation Reform Act contains a procedural default component).

With respect to the one claim Bickel exhausted, the summary judgment record establishes no genuine issue for trial. Deliberate indifference to serious medical needs is a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To act with deliberate indifference is to recklessly disregard a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994). The defendants' unrebutted evidence shows that licensed nurses at CCCF pack the medications. They are delivered to the housing units, and the pod officers supervise distribution of the medications. Bickel made no showing whatever that unlicensed correctional officers exercise independent medical judgment with respect to distribution of the medications, and, as the Magistrate Judge determined, Bickel did not allege that prison guards withheld his medication, or distributed incorrect medication that harmed him or worsened his pain.

We add that, even if Bickel had exhausted his Eighth Amendment claims with respect to the delay in receiving his pain medication, and the amount, timing of, and type of diagnosis and care that he received, summary judgment for the defendants still would have been proper because there was an insufficient evidentiary basis on which a reasonable jury could find in Bickel's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The defendants' exhibits show that Bickel was provided substantial medical care by licensed physicians and registered nurses while incarcerated at CCCF. For example, one such exhibit, a medical report, shows that Dr. Moran referred Bickel to a neurologist, Dr. Donald L. Rezek, in September, 2008. See Exhibit 14, Defendants'

5

Motion for Summary Judgment. Dr. Rezek evaluated Bickel and his complaints of tingling and numbness in his hands and feet, and difficulty with balance and coordination, which Bickel thought had gotten worse as a result of the medication he was taking. See id.

Dr. Rezek recommended that the drugs Bickel complained about – amitriptyline and Neurontin – be discontinued, but there is no indication in Dr. Rezak's report that CCCF's health care staff recklessly disregarded a serious medical need.[1] See Estelle, 429 U.S. at 104-05; Farmer, 511 U.S. at 836. Because the standard is recklessness, "prison officials who actually knew of a substantial risk to a prisoner's protected right may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844. At most, Bickel's submissions in the proceedings below reveal disagreements about his care and treatment; this is not a sufficient basis for establishing a triable issue of deliberate indifference. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Furthermore, Bickel's allegations of delay in providing pain medicine and diagnosis, see Estelle, 429 U.S. at 104 (intentionally delaying access to care constitutes deliberate indifference), were unsupported by any evidence to show that any delay had an adverse effect on his condition.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Dr. Rezek noted Bickel's history of neck and back pain associated with a car accident in 1978, and that Bickel had once fallen out of a deer stand. Dr. Rezek noted that Bickel had been prescribed morphine and Vicodin from 2005 to 2007 for back and leg pain. Ultimately, Dr. Rezek determined that Bickel might be suffering from compression of his sciatic nerve, mild peripheral polyneuropathy, lower back pain, and mild serotoninergic problems caused by overlapping antidepressants. See id.

6